# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSEPH MORIN,** | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No.:** |
| **vs.** | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| | ) |
| **CALIFORNIA RECOVERY** | ) **(Unlawful Debt Collection Practices)** |
| **BUREAU, INC,** | ) |
| **Defendant** | ) |
| | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH MORIN, by and through his attorneys, KIMMEL & SILVERMAN, P.C., and for his Complaint against the Defendant, CALIFORNIA RECOVERY BUREAU, INC., Plaintiff alleges the following:

## I.   JURISDICTION & VENUE

1.     This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

- 1 -

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business within the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## II.   **PARTIES**

6.     JOSEPH MORIN, (hereinafter, "Plaintiff") is an individual who was at all relevant times a resident of Plymouth, Massachusetts.

7.     CALIFORNIA RECOVERY BUREAU, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debts and incorporated in the State of California with a business address located at 135 Vallecitos de Oro, Suite G, San Marcos, CA, 92069.

8.     At all relevant times, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

- 2 -

9.   At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Defendant.

### III.   PRELIMINARY STATEMENT

10.   The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11.   In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of

- 3 -

which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692b.

13.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt

- 4 -

PLAINTIFF'S COMPLAINT

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## IV.   **ALLEGATIONS**

14.   At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to a third party.

15.   The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

16.   Beginning on or around October 1, 2009, Defendant, its agents, employees, etc., engaged in debt collection activities seeking payment from Plaintiff.

17.   Plaintiff never contracted with any company by the name of "California Recovery Bureau, Inc." or agreed to any obligation for a "California Recovery Bureau, Inc.".

18.   Defendant's calls were made to telephone numbers (508) 468-5151 and (774) 365-3250.

19.   Defendant, by and through its employee identified as "Shiloh Hayfield" harassed the Plaintiff by calling his cell phone and place of employment in an attempt to collect the alleged debt.

PLAINTIFF'S COMPLAINT

20.    "Shiloh Hayfield" contacted Plaintiff two (2) to three (3) times a day at his place of employment. Plaintiff currently serves in the United States Marine Corps and is stationed as a Recruiter at the Recruiting Office in Plymouth, MA.

21.    Defendant knew Plaintiff was not allowed to accept calls at his place of employment but continued to contact him anyway, in attempt to harass, embarrass and cause damage to Plaintiff.

22.    "Shiloh Hayfield" raised her voice and threatened "to call [Plaintiff's] Commanding Officer if the debt [was not] paid" and to make derogatory statements.

23.    "Shiloh Hayfield" told Plaintiff that he would "get kicked out of the Marine Corps" and "be put into the Brig (prison) if [he failed to pay the alleged debt]."

24.    Defendant told Plaintiff that he could be sued and his wages garnished if he did not pay the alleged debt.

25.    Plaintiff told Defendant to stop contacting him; however, Defendant ignored Plaintiff's instructions and continued to contact him.

26.    At all times Plaintiff has disputed owing the debt.

27.    On at least one occasion, Defendant used false, misleading and deceptive means in connection with the collection of an alleged debt.

28.    Defendant continues to attempt to collect on the alleged debt.

- 6 -

PLAINTIFF'S COMPLAINT

## CONSTRUCTION OF APPLICABLE LAW

29.    The FDCPA is a strict liability statute. <u>Taylor v. Perrin, Landry,</u> <u>deLaunay & Durand,</u> 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." <u>Russell v. Equifax A.R.S.,</u> 74 F. 3d 30 (2d Cir. 1996); <u>see also Gearing v. Check Brokerage Corp.,</u> 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson,</u> 988 F. 2d 1314 (2d Cir. 1993).


30.    The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.,</u> 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.,</u> 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle,</u> 305 F. 3d 1107 (10th Cir. 2002).

31.    The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.,</u> 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison,</u> 950 F. 2d 107 (3d Cir. 1991); <u>Swanson v.</u>

<u>Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  <u>Id.</u>  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices.  <u>Clomon,</u> 988 F. 2d at 1318.

## COUNT I
*(Violation of the Fair Credit Reporting Act)*

32.  Defendant is a "furnisher" of credit information as stated in the Fair Credit Reporting Act ("FCRA").

33.  Defendant violated the FCRA by furnishing to credit reporting agencies inaccurate information about the debt or failing to indicate the debt was disputed.

34.  Defendant recklessly, maliciously, and/or intentionally published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

35.     The publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused him severe humiliation, emotional distress, and mental anguish.

36.     Despite being put on notice that this information is inaccurate, Defendant has failed to correct these inaccuracies.

37.     Defendant was aware that its reporting and activity would and will damage Plaintiff and his ability to enjoy life and utilize credit rating and reputation property rights he secured by honoring his obligations to creditors.

38.     The consumer reporting agencies maintain subscriber contracts and relationships with Defendant separately and individually, under which Defendant is allowed to report credit data and have the same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

39.     Under the subscriber contracts Defendant owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including Plaintiff.

40.     As a direct and proximate cause, Plaintiff has been injured and may continue to suffer such injury in the future.

PLAINTIFF'S COMPLAINT

## COUNT II

*(Violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.)*

41.    In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a.    Assuming that the Defendant's threats were carried out, violated the FDCPA §1692b and §1692c(b), when it contacted third parties for purposes other than obtaining location information for Plaintiff;

b.    Assuming that the Defendant's threats were carried out, Defendant violated the FDCPA §1692b(2) and §1692c(b), when it disclosed the existence of a debt to third parties owed by Plaintiff;

c.    Defendant violated the FDCPA §1692c(a)(3), when it communicated with the Plaintiff at his place of employment and knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication;

d.    Defendant violated the FDCPA §1692d, when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt;

e.    Defendant violated the FDCPA §1692d(1), when it used or threatened to use violence or other criminal means to harm the physical person, reputation or property of the Plaintiff, in connection with the collection of an alleged debt;

f.      Defendant violated the FDCPA §1692d(5), when it caused a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass, in connection with the collection of an alleged debt;

g.      Defendant violated the FDCPA §1692e, when it used false, misleading and deceptive means in connection with the collection of an alleged debt;

h.      The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of the FDCPA §1692e(4);

i.      The threat to take any action that cannot legally be taken or that is not intended to be taken in violation of the FDCPA §1692e(5);

j.      Defendant violated the FDCPA §1692e(7), when it implied that the Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff;

k.      Defendant violated the FDCPA §1692e(8), when it threatened to communicate Plaintiff's credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed;

l.      Defendant violated the FDCPA §1692e(10), when on its own or through its agents and assigns, used false representation or deceptive means to collectthe debt;

- 11 -

m.    Defendant violated the FDCPA §1692e(11), when it failed to disclose that debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

n.    Defendant violated the FDCPA §1692f, through its agents and employees, by using unfair and deceptive means to collect a debt;

o.    Defendant violated the FDCPA §1692g and §1692g(a), when it failed to validate the debt within 5 days after the initial communication send the Plaintiff written notice containing the amount of debt, name of creditor, etc.; and

p.    Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

## V.    JURY DEMAND

42.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH MORIN, by and through his attorneys, respectfully pray for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00 for each violation;

c.    Plaintiff's attorneys' fees and costs; and

- 12 -

d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

Date: April 14, 2010

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

- 13 -

PLAINTIFF'S COMPLAINT